FILED

MAY 3 0 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES BENDER,** ) | |
| Petitioner ) | |
| ) | |
| ) | |
| v. ) | Cr. No. 97-0436 (TFH) |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Charles Bender's Motion for Correction of Calculation of Sentencing Category and Jail Credit Time. Upon careful consideration of the motion, and the entire record herein, the Court will dismiss the motion for lack of jurisdiction.

### I. BACKGROUND

In 2002 Petitioner was convicted in this Court, and sentenced to a term of imprisonment of 121 months. Petitioner had been serving his sentence in a federal facility in Florida, but is now at a prison in Marion, Illinois. Petitioner seeks to challenge the calculation of his good conduct time credits by the Bureau of Prisons ("BOP"). Petitioner asserts that the BOP improperly found that Petitioner forfeited 324 days of good conduct time credit that he earned while housed in Florida. Petitioner has named the District of Columbia as the respondent to this habeas petition.

### II. DISCUSSION

District Courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). While Bender names the District of Columbia as the respondent, the only proper respondent to the instant habeas petition is Bender's immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). In this case, the immediate custodian is the warden of the

facility in which Bender was incarcerated at the time he filed the petition, the United States Penitentiary in Marion, Illinois ("USP Marion"). See Stokes v. United States Parole Commission, 374 F.3d 1235, 1238 (D.C. Cir. 2004); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810-11 (D.C. Cir. 1988) (en banc) ("proper defendant in federal habeas corpus cases is the warden" of the facility where prisoner is incarcerated). Because a writ of habeas corpus acts upon the person who holds the petitioner in custody, a court may issue the writ only if it has jurisdiction over that person. See Padilla, 542 U.S. at 434-35; Stokes, 374 F.3d at 1237-38. USP Marion is located in the Southern District of Illinois. Because the proper respondent here is located outside of the District of Columbia, this Court lacks jurisdiction, and the petition must be dismissed.

### III. CONCLUSION

For the reasons stated above, Petitioner Charles Bender's motion is dismissed for lack of jurisdiction. An appropriate order will accompany this Memorandum Opinion.

May 19, 2006

Thomas F. Hogan
Chief Judge

Copies to:

Charles Bender
Reg. No. 12138-007
U.S.P. Marion
P.O. Box 1000
Marion, IL 62959-7500

United States Attorney's Office
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530